## HENRY M. GREEN

### v.

## THE PEOPLE ET AL.

1. PLEADING—ACTION AGAINST SURETIES—OFFICIAL BOND.—In an action against sureties of a supervisor for an alleged breach of his official bond, the declaration averred that the money sued for came into the hands of the supervisor during his term of office, next preceding that for which the bond in suit was given; that the same had never been disposed of by any order of the town, but became in his hand a part of the general fund, there

Green v. The People et al.

having been no loss or injury proved according to the statute. *Held*, that a positive averment in the declaration that the money was in the principal's hands at the expiration of the term during which it was received, or that he charged himself with it in an accounting with the town authorities, would seem to be necessary to render the sureties upon the new bond responsible.

2. SUPERVISOR FAILING TO PAY OVER—DEMAND.—In an action against the sureties of a supervisor for a breach of his official bond in failing to pay over moneys collected which he was bound to keep for the use of the town, the mere fact that the supervisor died without paying over the money would not of itself constitute a breach of the condition of the bond. If the supervisor had the money in his hands at the time of his death, the only proper person to demand it of his representatives would be his duly qualified successor; and until such demand had been made or an improper use of the money shown, there would be no breach of the condition of the bond.

3. DEMURRER TO DECLARATION—COPY OF NOTE.—In determining the sufficiency of a declaration upon demurrer the court can not look to the copy of the instrument sued on filed with the declaration, but only to the substance of it as set out in the declaration.

ERROR to the Circuit Court of Piatt county; the HON. C. B. SMITH, Judge, presiding. Opinion filed January 22, 1884.

Mr. W. C. JOHNS, for plaintiff in error; that when a contract on its face denotes the parties to it, the action must be between those parties, cited Phillips v. Singer Mfg. Co., 88 Ill. 305; Hunter v. Gillman, Bruce, 51; Gautzert v. Hoge, 13 Ill. 30; Steele v. Clark, 77 Ill. 471; Dix v. Mercantile Ins. Co., 22 Ill. 272; Larned v. Carpenter, 65 Ill. 543; Corbett v. Schumacker, 83 Ill. 403; Cottingham v. Owens, 71 Ill. 397.

The pleader is always presumed to state his case as strongly in his favor as it will bear: Lemon v. Stevenson, 36 Ill. 49; Lemon v. Baldwin, 36 Ill. 53; Vining v. Leeman, 45 Ill. 245; Henkel v. Heyman, 91 Ill. 96.

Mr. W. E. NELSON, for defendant in error; cited The People v. Holden, 82 Ill. 98; Nispel v. La Parle, 74 Ill. 306; Morley v. Town of Metamora, 78 Ill. 396.

McCULLOCH, P. J. This suit was originally commenced against plaintiff in error and one Jonathan Quinn, as sureties upon the official bond of one William L. Pitts, as super-

visor of Cerro Gordo township. Plaintiff in error demurred to the declaration, which having been overruled, and he abiding thereby, judgment was rendered against him, the suit having first been dismissed as to Quinn, the other surety. The sufficiency of the declaration is the only question before us.

The suit was brought in the name of The People, etc., for the use of the town of Cerro Gordo, while the copy of the bond filed with the declaration is made payable to the town. It is true the statute (R. S. Ch. 139, Art. XI, Sec. 1) requires the official bond of the supervisor to be made to the town, and also that suits shall be brought in the name of the town (Ibid. Art. V, Secs. 1 and 2), but we can not look to the copy of the bond filed with the declaration, as it is no part thereof, but must look to the count itself for the real course of action. Assuming, therefore, that the bond was made as alleged in the declaration, we are to inquire whether a cause of action is therein set out.

The material averments are that on the 10th day of May, 1882, the defendants as sureties, with said Pitts, since deceased, as their principal, did by their certain writing obligatory, jointly and severally acknowledge themselves to be held and firmly bound unto The People, etc., in the sum of one thousand dollars, upon condition thereunder written, whereby, after reciting that said Pitts had been duly elected supervisor of said town for the then current year, it was provided that if said Pitts should faithfully discharge all the duties of his said office required of or enjoined upon him by law, to the best of his skill and ability, then said writing obligatory to be void, otherwise to remain in full force and virtue; that said bond was duly approved by the town clerk and filed in his office, and thereupon became the official bond of said Pitts, who thereupon took upon himself the duties of his said office of supervisor, and entered upon the same, and held and exercised the said office thenceforth until the day of his death, to wit, the 15th day of September, 1882; that said Pitts did not faithfully discharge all the duties required of him by law as such supervisor, but wholly neglected and failed so to do,

to the injury of said town. And for breach of the bond it is alleged that prior to the execution of said bond, Pitts had held the same office for the preceding year, and that before his re-election, to wit, on the 7th day of March, 1882, he, as such supervisor, for the preceding year had received from the town collector a large sum of money, being the dog tax or license collected in the year 1881; that no affidavits or proofs and certificates of damage by destruction or injury of sheep were filed with said Pitts as such supervisor, prior to or on the first Monday in March, 1882, by owners of sheep destroyed or injured in said town in the said year 1881, and that said Pitts paid no part of said license fund so received by him for the year 1881 to claimants of the same, as provided by statute, and that, thereby, the same became and was a general fund of the town in the hands of said Pitts as such supervisor, to be disposed of as such town might deem proper; that said Pitts in his life-time was not required by any order or direction of the said town, or by any request made by it, to account for or pay over the said license fund or any part of the same, upon any disposition thereof made by the said town, by means of which said premises the said town hath been, during all the time aforesaid, wholly deprived of the use of said license fund, and an action hath accrued, etc. The declaration then alleges, by way of general breach, a request made and a refusal on the part of defendants to pay the money for which the suit is brought, to the damage of plaintiffs, etc.

It may here be remarked that the securities were not bound to respond to any request made upon them for payment, until their liability had become fixed by some default committed by the principal or his representatives. The general averment of a request made upon them to pay the money, and a refusal on their part as alleged in the conclusion of the declaration, fixes no liability upon them. We must therefore look to the antecedent averments to ascertain their liability, if any existed.

By section 2, of "An Act to indemnify the owners of sheep in case of damage committed by dogs" in force July 1, 1879 (L. 1879, p. 54), it is provided that the collector shall pay over the amount received from dog licenses to the supervisor of his

town, who shall first give bond to The People, etc., for the use of the inhabitants of said town, with at least two sureties to be approved by the board of supervisors of his county, conditioned that he will faithfully pay out said fund as in said act provided. Section 3 provides that the supervisor shall pay out of such funds to the owners of sheep in his town who shall make proof to him, before the first Monday in March in each year, of loss or injury to sheep by dogs other than their own, the full amount of the loss or injury so proved if there are funds sufficient to pay the same; but if not, then to pay the claimants *pro rata* according to their proof; and if after paying such losses and injuries there be a balance remaining in the hands of the supervisor it shall be turned over into the general funds of the town, to be disposed of as such town shall see proper.

It is alleged in the declaration that the money now sued for came into the hands of Pitts during his term of office next preceding that for which the bond in suit was given; that the same never had been disposed of by any order of the town, but became in his hands a part of the general fund, there having been no loss or injury proved according to the statute. The conclusion, then, sought to be reached by the pleader, is that the money having come into the hands of Pitts during one term of office, and the same remaining in his hands at its expiration, his sureties on his official bond for the succeeding term became responsible for the safe keeping and disposition of it. We say this appears to be the conclusion sought to be reached by the pleader from the facts stated, for it does not appear from positive averment that the money was in his hands at the expiration of the term during which it was received, nor that he ever charged himself with it in any accounting with the town authorities. From anything averred in the declaration it does not appear that either of these conditions existed, one or the other of which seems to be necessary to render the securities upon the new bond responsible. Morley v. Town of Metamora, 78 Ill. 396; McIntyre v. Trustees, 3 Bradwell, 77.

But assuming that the money which came into Pitts' hands

on or before the first Monday in March, 1882, continued to be there until the time of the making and filing of the bond sued on in this case, so as to render the new sureties responsible for its safe keeping and the proper disposal of it, then we seek in vain for any averment in this declaration, to the effect that he did not do all the law required of him. He was bound to keep the money for the use of the town, and if he died with it in his possession, that fact, as we held in Price v. Farrar, 5 Bradwell, 536, does not of itself constitute a breach of the conditions of the bond.

Nor is it alleged that any successor to Pitts has ever been elected or qualified. If Pitts had the money in his hands at the time of his death, which, for anything appearing in the declaration, he had, then the only proper person to demand it of his representatives would have been his duly qualified successor; and in that case until such demand had been made or an improper use of the money shown, there was no breach of the condition of the bond. · County Com'rs Greene Co. v. Smith, 3 Scam. 227.

For these reasons we are of opinion the court erred in overruling the demurrer to the declaration and in rendering judgment for defendants in error. The judgment of the court will therefore be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.